**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

KIRBY GENE SPILLMAN,

 Defendant-Appellant.

No. 02-2320

(D.C. No. CR-01-1108-BB)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

  Appellant was charged and convicted of several related drug crimes. On appeal, Appellant asks us to reverse his conviction on grounds that the district court improperly allowed testimony about two incidents. First, Appellant argues that testimony regarding twenty-five empty blister packs, found in the garbage in the back of Appellant's pickup truck, should have been excluded because the pickup was stolen the day before the officer found the blister packs. Second,

---

 [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant argues that testimony about a "hype-kit" (2 syringes and an alcohol pad) and a straw with white residue was improper because these items were found in a house from which Appellant had been evicted for over one month. We hold that the testimony about both incidents was properly admitted and affirm the conviction.

The district court has broad discretion in determining what evidence is admissible. United States v. Talamante, 981 F.2d 1153, 1155 (10th Cir. 1992) (citing United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir. 1998). Therefore, we will reverse the district court only if its decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Combs, 267 F.3d 1167, 1176 (10th Cir. 2001) (citing Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999) (internal quotations omitted). Because the trial court has the opportunity to view the evidence first-hand, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir. 1994).

Appellant first argues that the district court abused its discretion by allowing an agent to testify that he found more than twenty-five empty blister packs, which are used to manufacture methamphetamine, in the trash in the back of Appellant's truck. There is no dispute that the day before the agent found the

blister packs the truck had been stolen.  See Aple. Supp. App., Vol. I, at 206.

Appellant objected to the testimony at trial, arguing that since the truck was

stolen, "there is not an adequate, legitimate foundation to establish any link

between [Appellant] and the testimony of [the agent.]"  Id. at 207.  The district

court overruled the objection and found that although the link was not direct, the

testimony, after being subjected to cross-examination, was such that a jury could

properly infer a link between the blister packs and Appellant.  Id.

On appeal, Appellant asks us to reverse the district court and hold that the

testimony was irrelevant because it was not sufficiently linked to him and because

it was unfairly prejudicial.  Regarding relevance, the testimony was properly

admitted if it "tends to make the existence of any fact of consequence" more or

less probable than it would be without the testimony.  Fed. R. Evid. 401; United

States v. Mendoza-Salgado, 964 F.2d 993, 1006-07 (10th Cir. 1992).  Under this

relevancy standard, we cannot say the district court abused its discretion.  The

government offered testimony about the blister packs as part of its proof that

Appellant was distributing and conspiring to distribute methamphetamine.  See

Aplt. Br. at 13-14.   In doing so, the government was not required to prove that

Appellant had exclusive control over the truck when the blister packs were found.

See Mendoza-Salgado, 964 F.2d at 1006.  Moreover, although the truck was

stolen, it had only been stolen one day before the agent found the blister packs in

it.  Before that, the truck was in Appellant's possession.  In addition, Appellant's

counsel cross-examined the agent about the truck's theft. Aple. Supp. App., Vol. I., at 224. Under these facts, we find no abuse of discretion in admitting the testimony as relevant.

We also conclude that the district court did not abuse its discretion in finding that the testimony did not have an unfair prejudicial effect. Under Fed. R. Evid. 403, a district court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice" to a party. Evidence is excluded as unfairly prejudicial if it "provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." United States v. Rodriguez, 192 F.3d 946, 951 (10th Cir. 1999) (internal quotations omitted). We have held that in drug distribution offenses, evidence of "tools of the trade" is "probative of an accused's participation in the drug distribution business and, more specifically, his or her participation in the charged distribution offenses." United States v. Martinez, 938 F.2d 1078, 1083 (10th Cir. 1991). Such evidence is sufficiently probative to warrant admission under Fed. R. Evid. 403. See id. at 1083-84. Here, the testimony about the empty blister packs fits within this broad category of "tools of the drug trade" because the blister packs are an ingredient used to manufacture methamphetamine. Thus, the district court was acting within its discretion in allowing the testimony under Rule 403 as being sufficiently probative of

-4-

Appellant's participation in the drug distribution business.

Appellant next argues that the district court erred in allowing an agent to testify that one of his co-searchers found a "hype-kit" (2 syringes and an alcohol pad) and a straw with white residue on it while searching a house that Appellant had been evicted from for over a month. Appellant argues that this testimony should have been excluded for the same reasons as the testimony about the blister packs: that it is not sufficiently linked to him and that it had an unfair prejudicial effect. Aplt. Br. at 23-24. The facts on this issue are undisputed. The house was searched on April 26, 2001. Aple. Supp. App., Vol. II, at 380. At that time, a notice evicting Appellant from the house, dated March 29, 2001, was posted on the front door. Id. Both parties agree that Appellant lacked legal access to the house for about a month before the search.

Despite these facts, we cannot say that the district court abused its discretion in admitting the testimony. The government established a sufficient link to Appellant by submitting evidence that the eviction notice was directed to Appellant and tended to prove that he recently occupied the house. See id. at 384-85. This tie to Appellant is particularly strong since after he was evicted, the locks were changed and no one else occupied the house. The government also elicited testimony that there were two boxes of documents found in the house that contained cancelled checks and business cards with Appellant's name on them.

See id. at 385-86. Appellant's counsel cross-examined the agents about these documents and about the significance of the eviction notice. Id. at 393-95. In light of these facts, we conclude that the district court did not abuse its discretion in admitting the testimony as both relevant and not unfairly prejudicial.

Appellant also argues, in the alternative, that even if the testimony about the blister packs and the drug paraphernalia was sufficiently linked to him, it is not sufficiently linked to the *charges* against him. We conclude that this testimony was properly admitted both because it was linked to the charges and because it was rebuttal testimony. Appellant was charged with conspiracy to distribute methamphetamine, distributing methamphetamine, and carrying a firearm during a drug trafficking offense. As discussed above, the government's testimony about the drug paraphernalia and the blister packs was relevant to the government's theory that Appellant was guilty of conspiring to distribute methamphetamine. These items are "tools of the drug trade" which are probative of Appellant's general involvement in the drug business, including the distribution and conspiracy charges. See Martinez, 938 F.2d at 1083-84.

The testimony is also properly admitted as rebuttal testimony. At trial, Appellant testified on direct examination that he never sold or used methamphetamine. Aple. Supp. App., Vol. II, at 303. It is widely acknowledged that a party who raises a subject opens the door to admission of evidence on that

subject by the opposing party.  <u>United States v. Chavez</u>, 229 F.3d 946, 952 (10th Cir. 2000); <u>United States v. McHorse</u>, 179 F.3d 889, 902 (10th Cir. 1999).  Thus, Appellant's broad statements about never using or selling methamphetamine opened the door to rebuttal testimony about the blister packs (a methamphetamine ingredient) and the drug paraphernalia.

Finally, Appellant argues that the government's failure to take possession of the blister packs and drug paraphernalia denied him due process.  Since Appellant did not raise this objection in the district court, we review this issue for plain error.  "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."  <u>Arizona v. Youngblood</u>, 488 U.S. 51, 58 (1988).  There is nothing in the record which shows that the government acted in bad faith by not taking possession of the items or that the items would have exonerated Appellant.  Accordingly, we find no plain error on this issue.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge